IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALONZO J. S.,[1] | 3:19-cv-01588-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

   Attorneys for Defendant

**BROWN, Senior Judge.**

  Plaintiff Alonzo J. S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied in part Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **REVERSES** the decision of the Commissioner as to the denial of Plaintiff's benefits from February 24, 2012, Plaintiff's amended onset disability date, to June 8, 2015, and **REMANDS** this matter for further proceedings as set out in this Opinion and Order.

## ADMINISTRATIVE HISTORY

  On June 8, 2015, Plaintiff protectively filed applications

for DIB and SSI benefits.  Tr. 14.[2]  Plaintiff alleged initially a disability onset date of September 20, 2010.  Tr. 14.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held hearings on September 13, 2017, and March 1, 2018.  Tr. 14, 724-49, 750-70.  Plaintiff, a vocational expert (VE), and a medical expert (ME) testified at the hearings.  Plaintiff was represented by an attorney at the hearing.  At the hearing Plaintiff amended his alleged disability onset date to February 24, 2012.  Tr. 14.

On April 30, 2018, the ALJ issued an opinion in which he found Plaintiff became disabled beginning on June 8, 2015, and awarded Plaintiff SSI benefits beginning on that date.  Tr. 26.  The ALJ, however, found Plaintiff was not disabled from February 24, 2012, to June 8, 2015, and, therefore, is not entitled to DIB benefits for that period.  Tr. 22, 26.  On June 20, 2018, Plaintiff requested review by the Appeals Council.  Tr. 79.  On June 22, 2018, the Appeals Council denied reconsideration.

---

[2] Citations to the official Transcript of Record (#10) filed by the Commissioner on April 14, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 81. On August 6, 2018, Plaintiff filed a request for a hearing regarding calculation of his SSI benefits. Tr. 79. On February 12, 2019, Plaintiff withdrew his request for a hearing. Tr. 9. Accordingly, on February 19, 2019, the ALJ dismissed Plaintiff's request for a hearing; the Appeals Council's denial of reconsideration dated June 22, 2018, remained in effect; and the ALJ's decision on April 30, 2018, became the final decision of the Commissioner. Tr. 6-8. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On October 3, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision as to the denial of DIB benefits for the period from February 24, 2012, to June 8, 2015.

## BACKGROUND

Plaintiff was born on March 16, 1971. Tr. 272. Plaintiff was 40 years old on his alleged amended disability onset date. Plaintiff has a high-school education and some college courses. Tr. 22, 729.

Plaintiff alleges disability due to chronic low-back problems, sciatica, and anxiety. Tr. 130.

Except as noted, Plaintiff does not challenge the ALJ's

4 - OPINION AND ORDER

summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-24.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this

burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 24, 2012, Plaintiff's amended alleged disability onset date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease, irritable bowel disease, anxiety, and depression.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments from February 24, 2012, to June 8, 2015, did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 17.  The ALJ found Plaintiff had the RFC to perform sedentary work prior from February 24, 2012, to June 8, 2015, with the following limitations:  could occasionally climb ramps and stairs; could occasionally balance, stoop, kneel, crouch, and crawl; could not climb ladders, ropes, or scaffolds; could not

be exposed to extreme temperatures, vibrations, or hazards; and was limited to simple, routine tasks. Tr. 19.

At Step Four the ALJ did not make any finding regarding Plaintiff's ability to perform his past relevant work from February 24, 2012, to June 8, 2015. Tr. 22.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy prior from February 24, 2012, to June 8, 2015, such as taper, "wafer breaker," and table worker. Tr. 22-23. Accordingly, the ALJ found Plaintiff was not disabled from February 24, 2012, to June 8, 2015. Tr. 23, 25.

## **DISCUSSION**

As to the period from February 24, 2012, to June 8, 2015, Plaintiff contends the ALJ erred when he (1) failed to provide legally sufficient reasons for rejecting the medical opinion of Paul Hansen, M.D., the testifying medical expert; (2) failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony; (3) failed to provide legally sufficient reasons for discounting the lay-witness testimony of Allyn Vannoy, Plaintiff's landlord; and (4) failed to include all of Plaintiff's limitations in the hypothetical posed to the

10 - OPINION AND ORDER

VE.  Plaintiff requests the Court to remand this matter for the immediate payment of benefits for this period.

In his Response Brief (#13) the Commissioner concedes the ALJ erred when he failed to address all of Dr. Hansen's testimony regarding Plaintiff's disability from February 24, 2012, to June 8, 2015, and, therefore, the Commissioner requests the Court to remand this matter for further administrative proceedings as to that issue only.  The Commissioner does not contest the other errors asserted by Plaintiff.

Thus, the only issue before this Court is whether the ALJ's failure to address all of Dr. Hansen's testimony requires the Court to remand this matter for further administrative proceedings or for the immediate calculation and payment of benefits from February 24, 2012, to June 8, 2015.

### I.    Remand Standards

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for

11 - OPINION AND ORDER

determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

## II. Analysis

Dr. Hansen, the ME, testified at the hearing before the ALJ that Plaintiff's symptoms would keep him off-task for ten minutes out of every hour. Tr. 759-60. The parties agree the ALJ erred when he did not address this portion of Dr. Hansen's opinion and the ALJ's error was not harmless.

The Commissioner contends, however, there are factual issues to be resolved that require the Court to remand this case for further administrative proceedings regarding Plaintiff's disability from February 24, 2012, to June 8, 2015. Plaintiff

contends the record "as a whole" including all of Dr. Hansen's testimony, "does not create serious doubt" that he was disabled from February 24, 2012, to June 8, 2015, and, therefore, the Court should remand this matter for the immediate calculation and payment of benefits from February 24, 2012, to June 8, 2015.

Plaintiff maintains his own testimony regarding his physical pain and the resulting limitations from his impairments do not conflict with Dr. Hansen's opinion. For example, in his August 8, 2015, Function Report Plaintiff reported his back pain and sciatica has prevented him from being on his feet for "any significant length of time." Tr. 323. Plaintiff noted he has spent most of his time on the couch with his leg elevated, and the pain "at times" has awakened him at night and interfered with his ability to perform his personal care. Tr. 324-25. Plaintiff stated the pain also affects his ability to drive and his ability to stand or to sit for long periods although he usually finishes what he starts "unless the pain makes [him] stop." Tr. 326, 328. Plaintiff stated he, nevertheless, could pay attention for "as long as [he] need[s] to." Tr. 328. Thus, the record reflects Plaintiff does not allege any problems with concentration or difficulty completing tasks. Tr. 328. In addition, Allyn Vannoy, Plaintiff's landlord, stated in a Third-

Party Function Report dated August 9, 2015, that Plaintiff's condition did not affect his concentration or ability to complete tasks.  Tr. 336.  These statements conflict with Dr. Hansen's testimony regarding Plaintiff's ability to concentrate and to complete tasks.  The ALJ pointed out and relied on this evidence when he found Plaintiff had only moderate limitations in his ability to concentrate, to persist, and to maintain pace from the time of his amended alleged onset date.  Tr. 18.

On this record the Court concludes there is a conflict in the evidence that the ALJ must resolve in order to determine whether Plaintiff was disabled from February 24, 2012, to June 8, 2015.  Accordingly, the Court remands this matter for further administrative proceedings as to this issue only.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner that Plaintiff was not disabled from February 24, 2012, to June 8, 2015, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative

proceedings.

IT IS SO ORDERED.

DATED this 20th day of October, 2020.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

15 - OPINION AND ORDER